(Decided on rehearing [Reap. Dec. 8753] July 14, 1961)

*Harrington Harlow* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule attached to and made a part of this decision involve the proper value for dutiable purposes of certain articles of metal.

A stipulation of the fact has been entered into by the parties hereto wherein it has been agreed that the market value or price at the time of exportation of the involved merchandise, at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is the appraised value in each case, less 3 per centum discount. It was further stipulated and agreed by the parties that there was no higher export value for merchandise such as or similar to the merchandise herein involved at the time of exportation thereof.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930 (19 U.S.C. § 1402(c)), as amended by the Customs Administrative Act of 1938, is the proper basis for value of the merchandise in issue, and that said value is the appraised value in each case, less 3 per centum discount. As to any other merchandise, the appeals are dismissed.

Judgment will issue accordingly.

(Reap. Dec. 10051)

WEBRIB STEEL CORPORATION *v.* UNITED STATES

Entry No. 9366, etc.

(Decided July 14, 1961)

*Harrington Harlow* for the plaintiff.

*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The appeals for a reappraisement enumerated in the schedule attached to and made a part of this decision involve the proper value for dutiable purposes of certain articles of metal.

A stipulation of fact has been entered into by the parties hereto wherein it has been agreed that the market value or price at the time of exportation of the involved merchandise, at which such or similar

merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, is the appraised value in each case, less 3 per centum discount. It was further stipulated and agreed by the parties that there was no higher export value for merchandise such as or similar to the merchandise herein involved at the time of exportation thereof.

Upon the record before the court, I find and hold that foreign value, as that value is defined in section 402a(c) of the Tariff Act of 1930 (19 U.S.C. § 1402(c)), as amended by the Customs Administrative Act of 1938, is the proper basis for value of the merchandise in issue, and that said value is the appraised value in each case, less 3 per centum discount. As to any other merchandise, the appeals are dismissed.

Judgment will issue accordingly.

(Reap. Dec. 10052)

FORD MOTOR COMPANY v. UNITED STATES

Entry No. 967834.

(Decided August 1, 1961)

*John A. Moekle* and *James E. O'Boyle* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The above-enumerated appeal for a reappraisement presents the question of the proper dutiable value of a certain importation of automobiles.

Said appeal has been submitted for decision on a stipulation of fact wherein the parties have agreed as follows:

That the merchandise and the issues in the appeals for reappraisement listed in Schedule A, attached hereto, are the same in all material respects as the merchandise and issues in the case of *Ford Motor Company* v. *United States,* decided in Reap. Dec. 9683 and affirmed in A.R.D. 124, and that the record in said case may be incorporated herein.

That at the time of exportation of the involved automobiles neither such nor similar automobiles were being freely offered for sale in the country of exportation for home consumption or for export to the United States, nor freely offered